No. 70.—HOPKINS, ALLEN & Co. plaintiffs in error, *vs.* JOHN L. SUDDETH and others, defendants in error.

[1.] Where, upon petition for *certiorari*, the Court had ordered the same to issue; and afterwards, by reason of the defendant's Counsel having removed the papers, the writ had not been prosecuted: *Held*, that it was error in the Court, on this account, to dismiss the proceeding.

Certiorari, in Lee Superior Court. Decision by Judge PERKINS, December Term, 1854.

The plaintiffs in error petitioned for a *certiorari* to certain decisions made by the Inferior Court of said County, at January Term, 1853, upon written exceptions taken at the trial. The application was made 11th July, 1853, and due notice given to the opposite party. There was attached to the petition, an exemplification of all the proceedings of the Inferior Court in the said cause.

Hopkins, Allen & Co. *vs.* Suddeth *et al.*

The Judge granted the application as follows: "Read and sanctioned. Let the writ of *certiorari* issue in the penal sum of $1400, and such other proceedings be had as are usual in such cases, made and provided. Given under," &c.

These papers were filed with the Clerk of the Superior Court, on 25th July, 1853, and defendants, by their Counsel, W. A. Hawkins, acknowledged service thereon. Before the next term of the Superior Court, the papers were removed from the Clerk's office, and plaintiff's Counsel could not, after diligent search, find them; had called frequently on defendant's Attorney for them, and he denied having them, until the last term of the Court, when the receipt of Hawkins and Wallace, for these papers, was produced. The defendant's Attorney afterwards produced the papers in Court.

A motion was then made to dismiss the whole proceedings, because no *certiorari* had issued. Plaintiff's Counsel insisted that they had been guilty of no *laches*, and that the writ should issue *nunc pro tunc*. The Court dismissed the whole proceedings, and plaintiff's Counsel excepted.

R. F. Lyon, for plaintiff in error.

Hawkins, for defendant in error.

*By the Court.*—Starnes, J. delivering the opinion.

[1.] We are of opinion that the application for a *certiorari* in this case, should not have been dismissed, for the reason, that the Court had ordered the same to issue at a previous term, and that (as shown by the record) it was no fault of the plaintiff in error, that it had not so issued ; the petition having been mislaid by the opposite Counsel, and the issuing of the writ so prevented.

We incline to think, too, that the original proceeding was not irregular; that the second original attachment was properly issued by the Justice of the Peace in Baker County. We find no positive provision of the law requiring the Clerk.

to do this, though it is the practice, in some places.   It is also, the inclination of our minds, that it was not necessary for a bond and affidavit to be sent to Lee County.   But perhaps these questions should be left open for consideration, when the *certiorari* brings them up; and we leave them free, to be discussed at that time, if it should be desired.

Let the judgment be reversed.