LOCHRANE, C. J.
In this case it appears that -a rule nisi was served upon Darley, the Sheriff of Sumter county, calling upon him to> pay over money on a fi. fa. He acknowledged service of the rule, April 13th, 1870. In October, 1870, the Judge passed the usual order of attachments, granting five days to pay over the money, and in default he was to be imprisoned. Upon *this paper we find the written agreement of the sheriff to pay over the money during the week, and, upon failure, he consents that the Judge may hear and act upon the matter immediately thereafter, and render the judgment prayed for.
The bill of exceptions alleges that on the final hearing of the rule the sheriff moved for a continuance, upon the ground of the absence of W. A. Hawkins, his attorney, and who was also endorsee on the note collected. He places the ground of continuance upon the fact that Colonel Hawkins had leave of absence and would be back to-morrow or next day.
At this stage of the hearing it appeared that'the sheriff had not filed his answer, and the Judge held that he did not need counsel, as he had filed no" answer, and proceeded to make the rule absolute. This judgment of the Court is assigned as error. We do not see how the Judge could have acted differently. The facts of the case exhibited, upon the part of the sheriff, a total disregard of the order of the Court. The rule nisi was served at the April Term; he made no answer to the rule, but six months elapsed, and at the October Term he still stood without compliance. Even that term passed without any definite action, and at the Adjourned Term he moved to continue the hearing, without either answer or explanation, and with his written agreement in the premises.
The Judge’s certificate exhibits clearly that the motion to continue was a subterfuge. He had counsel—Mr. Ansley— who had represented him all the way through, and only in the last hour did he present the fact of Colonel Hawkins being of counsel.
We think the Court acted with great leniency in the matter, and that his judgment should be affirmed.