Long *vs*. Hood.

---

B. M. LONG, executor, plaintiff in error, *vs*. JOHN R. HOOD, defendant in error.

1. When the plaintiff's name is signed to an attachment bond by his attorney, the plaintiff's name should be followed by the words "by his attorney-at-law," to which should be added the attorney's name. (R.)
2. An attachment bond is amendable. (R.)
3. Where the defendant has replevied the property attached, and has appeared and pleaded to the merits of the case, the plaintiff has the right to try the case as at common law. (R.)

Attachment bond. Attorney and client. Amendment. Before Judge WRIGHT. Carroll Superior Court. April Term, 1872.

For the facts of this case, see the decision.

OSCAR REESE, represented by W. D. ELLIS for plaintiff in error, submitted the following brief: An attorney may sign his client's name to an attachment bond: Code, sec. 3201. Attachment laws are liberally construed: 36 Ga. R., 90. Substantial compliance as to bond sufficient: Dudley's R., 69 ; 3 Ga. R., 271 ; 5th *Ibid.*, 178 ; Code, sec. 4. An instrument may be binding though signed in the body of it or on the back: 26 Ga. R., 223; Chitty on Contracts, 71. Principal bound when : 39 Ga. R., 35. Attachment bonds are amendable : Code, sec. 3240 ; 27 Ga. R., 65; 29th *Ibid.*, 642. Appearance and pleading waives process and the service thereof: Code, secs. 3233, 3259. No declaration shall be

dismissed because the attachment has been dismissed : Code, sec. 3233.

No appearance for defendant.

WARNER, Chief Justice.

This was an attachment taken out by the plaintiff's attorney in the name of his client against the property of the defendant. The attachment bond was signed by Oscar Reese, attorney-at-law, for John Long. A motion was made to dismiss the attachment, on the ground that the bond was not a legal bond, which motion was sustained. The plaintiff then made a motion to amend the bond, which was refused by the Court. The property levied on had been replevied by the defendant. The plaintiff had filed his declaration in the case, and the defendant had appeared and filed his plea to the merits thereof. The plaintiff claimed the right to proceed with the trial of the case as in a common law suit, the defendant in attachment having appeared and pleaded to the merits of the action founded thereon, which was also refused, and the plaintiff excepted. As a matter of practice, and in strict conformity with the law, the plaintiff's attorney should have signed the name of John Long to the bond by his attorney-at-law, Oscar Reese. The bond, however, was amendable, and it was error in the Court in refusing to allow it to be amended : Code, section 3240. The defendant having replevied the property attached, and having appeared and pleaded to the merits of the plaintiff's declaration founded on the attachment filed in Court, it was error to refuse the plaintiff the right to try the case as at common law against the defendant: Code, 3233, 3234, 3252.

Let the judgment of the Court below be reversed.