COLE *et al. v.* THURMAN, constable, for use, etc.

1. The Civil Code, § 4639, requires that a bond and a certificate as to the payment of costs shall be filed with a petition of certiorari, and that the bond shall be given and the certificate produced before any writ of certiorari shall issue.    Where, therefore, an applicant for the writ of certiorari obtains the sanction of the judge and files his petition with the clerk without filing the bond or certificate as to costs, and the clerk issues the writ, the same is void.

2. If under this state of facts the applicant at the return term moved the court to pass an order requiring the clerk to issue another writ returnable to the next term of the court, reciting that the bond and certificate were filed with the clerk in time to have had the writ issue and be returned to the first term of the court :    *Held,* that, it appearing that the applicant was negligent in not filing the bond and certificate at the time he filed the petition in the clerk's office, and it not appearing that he made any request of the clerk to issue a second writ so as to have it served in time, or that he was otherwise free from fault, the court did not err in refusing to grant the order.    *Hopkins* v. *Suddeth,* 18 *Ga.* 518, and *Mitchell* v. *Simmons,* 58 *Ga.* 166, distinguished.

Submitted November 3,—Decided November 16, 1903.

Certiorari.    Before Judge Gober.    Cobb superior court.    May 29, 1903.

*DuPree & Dobbs* and *B. F. Simpson,* for plaintiffs in error.

SIMMONS, C. J.    Suit on a forthcoming bond was brought against Cole et al., in a justice's court.    Judgment was rendered against the defendants.    They presented a petition for certiorari to the judge of the superior court, who, on March 28, 1903, sanctioned it and ordered the writ to issue.    The petition was filed with the clerk, who, on April 6, issued the writ.    The bond and the certificate as to costs were not filed with the clerk until April 10, 1903.

When the case came on to be heard in the superior court, a motion was made to dismiss it on the ground that the petition had been filed and the writ issued before any bond and certificate as to costs had been filed. The judge granted this motion and dismissed the certiorari. Before this motion was granted, counsel for the plaintiffs in certiorari requested the judge to pass the following order: "It appearing to the court·that the clerk of the superior court . . issued the writ of certiorari in this case before the. necessary bond and certificate of cost was filed as required by law, and it further appearing.that the bond and cost certificate was filed in time to authorize a writ of certiorari to issue to this term of the court, and the issuing the writ in this case was no fault of the petitioners or his attorneys, it is ordered that the writ as issued be dismissed as it is void, and that the clerk issue another writ, returnable to the next·term of the superior court. " The judge refused to pass this order, and in the bill of exceptions stated that he did not certify the recitals made in the order. The plaintiffs in certiorari brought the case here by bill of exceptions, assigning error upon the refusal of the court to pass the order above set out, and upon the order dismissing the certiorari.

· The Civil Code, § 4639, provides, in substance, that an applicant for the writ of certiorari shall file with the petition a bond and a certificate as to the payment of the costs, and that no writ of certiorari shall issue before this is done. The record shows that the clerk did issue the writ several days before the bond and certificate were filed in his office. The petition must have been filed before the writ was issued, and must therefore have been filed several days before the bond and certificate were filed. It is clear, therefore, that the clerk had no power or authority to issue the writ at the time that he did issue it. The writ he issued was void under the code. Counsel for the plaintiffs in error recognized this as true, but insisted that the court erred in refusing to pass the order directing the clerk to issue another writ returnable to the next term of the court. Had the plaintiffs in certiorari been entirely free from fault, the judge might properly have granted such an order, under the rulings in *Hopkins* v. *Suddeth,* 18 *Ga.* 518, and *Mitchell* v. *Simmons,* 58 *Ga.* 166. In each of those cases the plaintiff in certiorari was free from fault. In *Hopkins* v. *Suddeth,* after the petition had been properly filed and before the writ is-

sued, counsel for the defendants in certiorari took the papers from the clerk's office and mislaid them, but produced them at a subsequent term of the court. The trial judge on motion dismissed the certiorari, and this court reversed that judgment, holding that the plaintiff in certiorari had been free from fault. In *Mitchell* v. *Simmons* the applicant for certiorari obtained the sanction of the judge, and the papers were duly filed, but the clerk failed to issue the writ. The plaintiff in certiorari was shown to have been free from fault, and the failure to issue the writ was due to the fault of the clerk, and the judge ordered that the writ issue. This judgment was affirmed by this court. The case now under consideration differs from both of these. The record clearly shows that the plaintiffs in certiorari were in fault and failed to comply with the law which requires that the bond and certificate be filed with the clerk at the time the petition is filed. It is true they claim to have filed the bond and certificate in time to have had another writ issued and served, returnable to the term to which the certiorari was properly returnable; but as the law required them to file the bond and certificate with the petition, and as it does not appear that they took any steps, after the bond and certificate had been filed, to have the clerk issue another writ, it is clear that they can not be held to have been free from fault. They could not, therefore, as matter of right insist on the order giving them another term in which to have the certiorari perfected and heard.

<div align="center">

*Judgment affirmed. All the Justices concur.*