## WESTERN AND ATLANTIC RAILROAD COMPANY
### v. CARDER.

1. A receipt, signed by a justice of the peace whose judgment is sought to be reviewed on certiorari, showing that the plaintiff in certiorari has paid to him a named sum "in full of *all* costs to date" (the date of the application for certiorari) in the case in which the judgment complained of was rendered, substantially meets the requirement of the Civil Code, § 4639, that the party applying for the writ of certiorari must produce a certificate from the officer whose judgment is the subject-matter of complaint, that all costs which may have accrued on the trial below have been paid.

2. When a certiorari is sustained and the case sent back for another hearing, the certiorari bond becomes functus officio ; the security thereon is discharged from further liability, and may become security on a subsequent certiorari bond in the same case.

Argued May 25, — Decided June 10, 1904.

Certiorari. Before Judge Fite. Whitfield superior court. November 13, 1903.

*Payne & Tye* and *R. J. & J. McCamy*, for plaintiff in error.
*W. E. Mann*, contra.

CANDLER, J. This case comes up on exception to the dismissal of a certiorari by the judge of the superior court. The grounds on which the judge rested his judgment were, (1) that the security on the certiorari bond was the same as that on a former certiorari bond given by the same party in the same case, the first certiorari having been sustained and the case remanded for another hearing, and (2) that the petition for certiorari was not accompanied by a certificate of the magistrate that all the costs had been paid, as required by law. Attached to the petition for certiorari was the following writing, signed by the magistrate : "Received of the Western & Atlantic Railroad Company the sum of five 45/100 dollars, in full of all costs to date in the case of S. A. Carder vs. W. &. A. R. R. Co. This 30th day of Jan., 1901."

1. We do not hesitate to hold that the receipt of the magistrate answered every requirement of the law as to the necessary certificate of the payment of costs ; and that this ground furnished no good reason for dismissing the certiorari. The Civil Code, § 4639, does not prescribe any special form of certificate by the magistrate. The primary object of that section is that there shall be a writing under the hand of the justice of the peace, showing

that *all* the costs which have accrued in his court have been paid. An itemized statement of costs, receipted by the magistrate but. not stating that it embraces *all* the costs which have accrued, will not meet this requirement, because it is entirely consistent with the hypothesis that only a 'part of the costs have been paid. *Savannah R. Co.* v. *Shell*, 72 *Ga.* 201. In the present case, however, the receipt of the magistrate showed, in effect, that all the costs which had accrued in his court had been paid; and this will not be held defective merely for lack of the technical words, "I certify," etc. See, in this connection, *Williams* v. *Shuler*, 94 *Ga.* 660.

2. The main point for decision in this case is whether, when a case has been taken by certiorari to the superior court, the certiorari sustained, and the case sent back to the magistrate for another hearing, the surety on the certiorari bond is still liable for the eventual condemnation-money, and therefore ineligible to act as surety on a subsequent certiorari bond in the same case. It is contended by counsel for the plaintiff in error that when the first certiorari was sustained, the bond which was a condition precedent to its issuance became functus officio, and that therefore the surety could under no circumstances become liable thereon. We think there can be no doubt that this contention is sound. A proper decision of this question involves the construction, in pari materia, of sections 4639, 4655, and 4656 of the Civil Code. Section 4639 provides, in part, that, with certain exceptions, before any writ of certiorari shall issue, the party applying therefor, his agent or attorney, shall give bond and good security, " conditioned to pay the adverse party in the cause the eventual condemnation-money, together with all future costs." Section 4655 provides that if, on the hearing, the certiorari shall be sustained and a final decision thereon made by the superior court, the plaintiff (in certiorari) may sign up judgment for the amount recovered by him in the court below, with the costs paid to obtain the certiorari and the costs in the superior court; " but if the certiorari shall be returned to the court below for a new hearing, the plaintiff shall sign up judgment for the costs in said superior court only, leaving the costs paid to obtain the certiorari to abide the final trial below." Section 4656 provides for the judgment to be entered in the event the certiorari is dismissed and a final decision made

by the superior court, and concludes with the provision that "if said case be sent back to the court below, and there be a judgment in said case in favor of said defendant in the court below, the security on the certiorari bond shall then be included as in case of security on appeal."   The title of this last section is: "If the certiorari is dismissed, judgment for the defendant." When read in connection with sections 4639 and 4655, the words "if said case be sent back to the court below," etc., would seem clearly to contemplate the sending of the case back for final judgment in favor of the defendant in certiorari after a decision in his favor in the superior court.   In other words, where the judge of the superior court decides the case in favor of the defendant in certiorari, but for any reason declines to enter final judgment, and sends the case back to the justice's court with direction that judgment there be rendered finally for the defendant in certiorari, the security on the certiorari bond then becomes liable as in case of security on appeal.   This construction of the words quoted is entirely reasonable and consistent with the other portions of the section, while any other construction would involve a hopeless conflict with section 4655.   In that section explicit direction is given for the rendition of judgment in just such a case as the present, where the certiorari is returned for another hearing, and it is there provided that the plaintiff shall have judgment for the costs in the superior court only, leaving the costs paid to obtain the certiorari to abide the final trial below.   It could not have been the intention of the lawmaking body to provide that the security on a certiorari bond should be liable on the bond regardless of the outcome of the hearing of the certiorari.   The case may very properly be analogized to that of the surety on a supersedeas bond given by a plaintiff in error in this court, who is liable only for the costs of prosecuting the writ of error in this court, and not for the amount of the verdict that may finally be rendered in the case.   *Franklin* v. *Krieyshaber*, 114 *Ga.* 947. It follows, then, that the surety offered by the plaintiff in certiorari on its bond was not, for any reason given, objectionable, and that the court erred in dismissing the certiorari.

*Judgment reversed.   All the Justices concur.*