## WALEA v. THE STATE.

1. If the clerk fails to issue the writ of certiorari before the term to which it is returnable, the plaintiff may, if there has been no laches on his part, move the court for an order directing the clerk to issue the writ.
2. Without such order, the clerk has no authority to issue the writ of certiorari subsequently to the term to which it was originally returnable.
3. Where the writ of certiorari was issued subsequently to the term to which it was properly returnable, without any order of court, and served upon the judge whose judgment was sought to be reviewed, who answered the same, the court rightly sustained a motion to dismiss the certiorari proceedings on the ground that the writ had not been issued and served as provided by the statute.

Argued December 19, 1904. — Decided January 26, 1905.

Certiorari. Before Judge Daley. Emanuel superior court. October 22, 1904.

*Williams & Moring* and *Daniel & Kirkland,* for plaintiff in error.

*B. T. Rawlings, solicitor-general,* and *W. W. Larsen,* contra.

· EVANS. J. The plaintiff in error was convicted · of a misdemeanor, in the city court of Swainsboro. Within thirty days after his conviction, he submitted to the judge of the superior court his petition for certiorari, which petition was duly sanc-

tioned and filed in the office of the clerk of the superior court on December 29, 1903. The writ should have issued and been made returnable to the April term, 1904, of Emanuel superior court, but was not issued by the clerk until August of that year. On the same day the writ was issued, the petition and writ were served on the city-court judge, who filed his answer to the October term, 1904, of the superior court. When the case came on to be heard in that court, the certiorari was dismissed on the ground that the judge of the city court had not been served with the writ within the time prescribed by law, had not answered the certiorari within the time fixed by law, and proper diligence had not been shown by the plaintiff in certiorari to have the service duly perfected.

1. When a petition for certiorari has been sanctioned and filed in the office of the clerk, it is his duty to promptly issue the writ, returnable to the next term of the court which convenes twenty days after the filing of the petition. Civil Code, § 4637. The clerk's authority to issue the writ ceases after the term to which it should be made returnable has passed. If the clerk fails to issue the writ as provided by statute, and the plaintiff in certiorari has been diligent, he may move for the issuance of the writ at a subsequent term. *Hopkins* v. *Suddeth*, 18 *Ga.* 518; *Mitchell* v. *Simmons*, 58 *Ga.* 166; *Zachery* v. *State*, 106 *Ga.* 124.

2. Without an order of court, the clerk can not issue the writ after the term to which it should have been made returnable has gone by. Being wholly without authority to do so, in the absence of an order of court so directing, his issuance of the writ after that term has expired is a mere nullity.

3. The plaintiff in certiorari will not be injuriously affected by the carelessness or misprision of the clerk, if it be shown to the court that his failure to issue the writ was not due to any laches on the part of the plaintiff in certiorari. On motion by the plaintiff, the court will, in such a case, grant an order authorizing the issuance of the writ and making it returnable to a subsequent term. Proper diligence, however, requires that the plaintiff in certiorari shall make a timely motion for the granting of such an order. If he fails to do so, the clerk can not cure his negligent omission to issue the writ within the time prescribed by law. In the present case no diligence on the part of the plaintiff in cer-

tiorari was shown, and it was not error for the court to sustain the motion to dismiss.

*Judgment affirmed.   All the Justices concur.*