Civil. Code, §4240, par. 4; Acts 1871-2, p. 221, secs. 1, 4; Acts 1873, p. 222; Acts 1874, pp. 380-1; *Ga. R.* 104/672; 102/78; 9/485 (7); 54/165; 54/27 (2); 45/325-6; 103/505; 82/784-5; 109/634; 62/532 (3); 126/693 (c), (d); 115/347; 119/471-3; 127/502; 129/104.

---

## PUCKETT, constable, *v.* STATE BANKING COMPANY.

1. Where a rule has been issued against a constable, requiring him to show cause why he should not pay to the plaintiff the amounts due on certain fi. fas. recited to have been placed in his hands in order to levy and realize the money, if he is in default in making answer the court may proceed to grant a rule absolute against him, and is not required to wait until the delinquent officer shall voluntarily appear and answer, or to institute other proceedings against him in order to compel an answer to be made.

2. A rule against an officer which on its face is returnable "instanter, or as soon as counsel can be heard," is returnable promptly upon service being made, and is subject to be then heard, or, if not so, to be dealt with as soon as counsel can be heard. It does not have to remain open indefinitely until the respondent may see fit to employ counsel and the latter is ready to be heard.

3. Such an order should be given a fair and reasonable construction, so as not to work oppressively upon the respondent, but not so as to allow him to take his own time to prepare to be heard and to require the court to wait until he is ready.

4. The ground of the motion to set aside the judgment which sought to raise the question whether, upon a rule against a constable for failing to make the money on fi. fas. placed in his hands, if there were a failure to answer, judgment could be rendered by default without the introduction of evidence, was not verified by the presiding judge.

5. An attack upon a rule against a constable, on the ground that it was granted without any petition as a basis thereof, which does not appear to have been made or decided in the trial court, but appears to have been made for the first time in the brief of counsel for the plaintiff in error in this court, will not be decided.

6. Where a constable was ruled for failing to realize and pay over the money due on executions placed in his hands, it furnished no defense to him that a lien of higher dignity than the judgments on which they were based had been foreclosed and placed in the hands of the sheriff of the county.

7. Under the facts contained in the record and bill of exceptions, there was no error in refusing to set aside the judgment which had been entered on the rule, on motion made for that purpose.

Submitted January 14,—Decided May 12, 1908.

Rule. Before Judge Kimsey. Hall superior. court. February 7, 1907.

On January 22, 1907, in the superior court of Hall county, a rule nisi was issued against Puckett, constable, which recited, that "it being represented to the court" that the constable had in his hands three justice-court fi. fas. in favor of the State Banking Company against A. J., J. M., and J. L. Smith, each for $85.66, besides interest and cost, and that the plaintiff had pointed out to the constable property of the defendant, which was subject to the fi. fas. in his hands, with instructions to realize the money thereon, for a sufficient length of time to have done so, it was therefore ordered that the constable bring the fi. fas. into court, "and show cause instanter, or as soon as counsel can be heard, why he should not pay to plaintiff or his attorney the amount due on said fi. fas." This rule was served personally on the constable on January 23. On February 2 (which the presiding judge certified was the last day of the regular term of the court), no answer having been filed, a rule absolute was taken against the defendant. On February 7, during an adjourned term of the court, the constable made a motion to set aside the rule absolute and judgment thereon, on the following grounds: (1) Because they were rendered before the answer of the constable was filed and before any hearing in person or by his counsel was had. (2) Because the rule was made absolute by default several days before the adjournment of the court, and he appeared and made answer under oath before the end of the term, but after the judgment absolute was entered. (A note to the bill of exceptions, by the presiding judge, states that the rule absolute was entered on the last day of the regular term, and the answer was presented during the adjourned term of the court thereafter.) (3) Because the law does not allow judgments by default in cases of rules nisi against constables, such as that here involved, and the judgment was void. (In the bill of exceptions the presiding judge certified that he did not remember whether any evidence was introduced or not, but that the fi. fas. were before the court, and that an ex parte hearing was had.) (4) The reason why the constable did not answer the rule nisi sooner was because of a mistake of fact, caused by his daughter's misreading the paper served on him, her misreading being of the word "instanter," the constable being unable himself to read, and having

to depend on some one to read the paper for him. He came and made answer as soon as possible after learning what the paper ordered as to appearing at court. (5) The judgment should be set aside, because of the defense set up in the answer which accompanied the motion. This answer alleged, that, after the levy of the fi. fas., A. J. Smith, one of the defendants in fi. fa., gave a forthcoming bond for the property levied on under two of them, with F. T. Davie as security; that another of the fi. fas. was levied on two mules, a two-horse wagon, and a bale of cotton, and a claim was filed by Davie, and on the trial thereof the levy was dismissed, on motion of plaintiff's counsel, as to the mules and wagon; that after the forthcoming bond was given, as above stated, for the property levied on under two of the fi. fas., Davie, the surety, as landlord, foreclosed a landlord's lien for supplies for about $293, and placed "same" in the hands of the sheriff of the county; that this lien for supplies was superior to the lien of the judgments, and the constable would have had to pay over the proceeds of the levies, to be applied to it; and that for the bale of cotton levied on by one of the fi. fas. a forthcoming bond had been given, and the property had not been produced on the sale day.

The court overruled the motion, and declined to allow the answer to be filed as a defense to the rule, but permitted it to be filed as a part of the motion. The movant excepted.

*J. G. Collins,* for plaintiff in error.    *G. K. Looper,* contra.

LUMPKIN, J. 1. A rule had been issued against a constable for failing to realize the amount due on certain executions placed in his hands. He was required to show cause instanter, or as soon as counsel could be heard, why he should not pay to the plaintiff or its attorney the amount due on the executions. It is contended that the court could not render any judgment against him unless he made answer, but could only proceed by a rule nisi against him for contempt in not answering. A rule by the court against one of its officers is not a regular suit, but an exercise of the court's power over its officer, to compel him to do his duty, or to suffer the consequences of a failure. The rule in this case did not include a requirement to show cause why he should not be attached for contempt; but the practice, as to the manner of hearing, is similar, whether the first proceeding is merely to obtain a rule absolute for the money or includes also a proceeding to attach the

officer if it should not be paid. After being served with such a
rule, to say that the court was powerless to proceed further unless
the constable saw fit to answer, but must wait until the delinquent
officer should voluntarily appear, or must institute another pro-
ceeding against him, to compel him to answer, is not in accordance
with the law or practice in this State. When called on to answer,.
he was bound to do so or to suffer the consequences of a default..
This practice was recognized in *Darley* v. *Thomas,* 41 *Ga.* 524.

2, 3. It was urged that the order did not peremptorily set a.
day for the hearing, but that the constable was required to show
cause "instanter, or as soon as counsel can be heard;" and that
this was not disobeyed until both alternatives had been exhausted.
Such an order is returnable at once. While, upon proper show-
ing, the presiding judge should allow a reasonable time for prepa-
ration and hearing, the alternative expression, "or as soon as coun-
sel can be heard," does not mean that the court has no power to
proceed until such time as the respondent may see proper to em-
ploy an attorney and the attorney may appear and announce that
he is ready to be heard. The alternative clause simply carries the
rule forward, and obviates any question as to when the power of
the court would be exhausted if the rule were made returnable in-
stanter, and the hearing were not had promptly. Such an order
should be given a reasonable and fair construction by the court is-
suing it, so as not to work oppressively, on the one hand, nor to al-
low a respondent to take his own time to get ready to be heard, on
the other. In the present case the defendant had from the date
of the service, January 23, until February 2, to make answer, and
failed to do so. The latter date was the last day of the regular
term of court, and no answer having been filed or appearance made,
we can not say that the presiding judge erred in proceeding to make
the rule absolute at that time.

4, 5. The ground of exception which apparently sought to set
up that the rule absolute was rendered by default and without evi-
dence is not certified to be true. Nor, under the state of the rec-
ord and bill of exceptions, are we called on to decide whether it
would have been proper to take the allegations or recitals of the
rule as true without the production of the fi. fas. or other evidence.
In the brief of counsel for plaintiff in error it was urged that the
court was without jurisdiction and the judgment absolute void, be-

cause, before a rule nisi can issue against a constable for a failure to realize the money on executions, in his hands, there must be an application therefor in writing, and not a mere rule with no basis of pleading to rest upon. However this may be, no such point was raised or decided by the trial court or distinctly made in the bill of exceptions; and therefore it will not be decided by this court.

6, 7. The answer sought to be filed after the judgment had been rendered was somewhat vague and general in its character, and in some respects was clearly without merit. The executions were placed in the hands of the constable for enforcement. When ruled for failure to realize the money upon them, he set up, as one defense, that another person had foreclosed a landlord's lien for supplies, and had placed the execution issuing thereon in the hands of the sheriff of the county; and that this lien was superior to that of the judgments forming the basis of the executions in his hands. This furnished no defense to the constable; nor was it any reason why he should fail to perform his duty, that if he made a sale some superior lien might claim the money. It was his business to proceed to sell, and if other liens or fi. fas. contested for the proceeds, that was no concern of his.

He alleged that he could not read, that his daughter undertook to read the rule nisi to him, and that she misread the word "instanter." How she read it he does not state; nor how the way in which she read it caused him to wait for nearly two weeks before employing counsel or attempting to prepare an answer. After considering the entire motion and the proposed answer, we can not say that the presiding judge committed error in refusing to set aside the judgment which had been rendered.

*Judgment affirmed. All the Justices concur.*