14510. STANDARD GAS PRODUCTS COMPANY v. VISMOR.

BELL, J. 1. The Civil Code, § 5185, requires, among other things, that "before any writ of certiorari shall issue, the party applying for the same, his agent or attorney, . . shall . . produce a certificate from the officer whose decision or judgment is the subject-matter of complaint, that all costs which may have accrued on the trial below have been paid." This provision has reference to the costs which may have accrued on the trial which resulted in the verdict or judgment with which the applicant is dissatisfied, and to which he excepts. *Johns* v. *Lewis Drug Co.*, 120 *Ga.* 640 (3) (48 S. E. 127); *Williams* v. *Sulter*, 76 *Ga.* 355 (2). A certificate that the applicant "has paid all costs which have accrued in the foregoing petition for certiorari, so far as the municipal court of Atlanta is concerned," does not meet the requirements of the law. *Osborn* v. *Osborn*, 70 *Ga.* 716. No costs could have accrued *in the certiorari case* in which the municipal court of Atlanta was concerned, for the reason that the costs in such a case attach only in the superior court. The certificate could be true even though the applicant may never have paid the costs which have accrued *in the municipal court*, the statement of the certificate being entirely consistent with the nonpayment of the same. Such certificate should have reference to the case as tried in the court whose judgment is complained of in the petition for certiorari, while here it refers only to the case as made by such petition. Although it is true that the Civil Code does not prescribe any special form of certificate (*Western & Atlantic R. Co.* v. *Carder*, 120 *Ga.* 460, 47 S. E. 930), and that a certificate should be deemed sufficient when upon a fair interpretation it substantially meets the requirements of the code (*Williams* v. *Shuler*, 94 *Ga.* 660 (2), 19 S. E. 981), no certificate should be held sufficient when it is so drawn that to uphold it would have the effect, by construction, of rendering the meaning of the law in respect thereto vague and uncertain.

2. "In procuring a second writ of certiorari after a first writ in the same case has been dismissed, the second proceeding being a renewal of the first, as provided for in the code, § 2932 [Civil Code of 1910, § 4381], it is not necessary to produce to the clerk, or to file, a new certificate as to the payment of costs. The certificate already filed *with* the first petition, *being still on file* [italics ours], may be treated by the clerk as sufficient evidence on which to base the second writ, inasmuch as the second proceeding would relate alone to the state of facts, relatively to the justice's court [or, as here, the municipal court of Atlanta], which existed when the first proceeding was instituted." *Williams* v. *Shuler*, supra. But in the instant case it appeared that the certificate on file with the first petition for certiorari, like that attached to the second petition, certifies merely that the applicant "has paid all costs which have accrued in the foregoing petition for certiorari," and is subject to the rulings made in the preceding paragraph.

3. The requirement of a proper certificate of the payment of all costs which may have accrued on the trial below is not met or satisfied by the fact that in the petition for certiorari it was alleged that the petitioner had complied with the requirements of the law before pre-

senting the petition for sanction, and that thereafter the municipal-court judge answered that this averment was true. Such answer necessarily was made *after the petition for certiorari had been filed* and after the writ had issued, while the code requires that such certificate shall be produced and filed with the petition as "a condition precedent to the issuance of the writ." *Osborn* v. *Osborn,* supra; Civil Code (1910), § 5185.

(a) Nor would it alter the case that a similar averment was made in a prior petition for certiorari and was similarly answered, and that copies of such prior petition and answer were annexed as exhibits to the renewal petition, the prior petition, and necessarily the answer with it, having been *dismissed.* The statute does not contemplate such a method of proof that the costs have been paid.

4. While the requirement of the payment of costs is primarily for the protection of the officers of court (*Johns* v. *Lewis Drug Co.,* supra), a party to the case may challenge the right of the other party to proceed without proof of the payment of the same, where such proof is made by law a condition precedent to the exercise of the right.

5. "If a certiorari, after being sanctioned by the judge of the superior court, be dismissed on the hearing before him for the reason that it does not properly appear that the cost has been paid, the judgment of dismissal is equivalent to holding that the proceeding is void." *Ray* v. *Cruce,* 21 *Ga. App.* 539 (94 S. E. 899); *Cole* v. *Thurman,* 119 *Ga.* 55 (1) (45 S. E. 718). The court may dismiss a void proceeding upon its own motion.

6. Where a defendant in certiorari makes a motion to dismiss the proceeding upon the ground that the certificate as to the payment of costs appearing in the record "is insufficient in law" and "is not a sufficient compliance with the mandatory requirements of the statute," and the motion is *granted,* and where an inspection of the certificate discloses that it is a nullity, so that the judge of the superior court might have dismissed the certiorari upon his own motion, this court will not *reverse* the judgment of dismissal merely because the motion made therefor would have been too general (assuming that it was) to present any question for decision by this court if the motion had been *refused* and exceptions brought to that judgment by the party making the motion. From the rule that a judgment will be affirmed if correct upon any ground, even though an erroneous reason should be assigned (*Kendricks* v. *City of Millen,* 16 *Ga. App.* 273 (3), 85 S. E. 264; *Flynn* v. *City of East Point,* 18 *Ga. App.* 729, 90 S. E. 372; *Boozer* v. *City of Atlanta,* 18 *Ga. App.* 732 (3), 734, 90 S. E. 492; *Ruffin* v. *City of Millen,* 18 *Ga. App.* 784 (4), 90 S. E. 654), it must follow as a corollary that a dismissal upon a *valid ground* should likewise be affirmed, however general and imperfect may have been the terms in which it was urged.

7. It does not appear that the sufficiency of the allegation with reference to the invalidity of the certificate was in any way brought into question in the court below, nor is it done in the bill of exceptions (compare *Puckett* v. *State Banking Co.,* 130 *Ga.* 586 (5), 61 S. E. 465; *Barham* v. *Weems,* 129 *Ga.* 704 (3), 59 S. E. 803), and the judge of the superior court having treated this ground of the motion as technically sufficient and having thereupon *sustained* the motion, the case

is unlike that of *Abercrombie* v. *Gurley*, 21 *Ga. App.* 389 (3) (94 S. E. 606), wherein the motion to dismiss was *overruled*, after which on exceptions to that judgment this court held that the attack upon the bond as contained in the motion was too loose and general to present for decision any question as to whether the court erred in overruling it. If the motion in that case had been *sustained*, this court would probably have tested the correctness of the judgment by the actual sufficiency of the bond, and not by the technical precision of the attack made upon it, for the reason that error is never to be presumed, and that the burden is upon him who alleges error to show it by plainly and distinctly setting it forth. Civil Code (1910), §§ 6139, 6140. Compare *White* v. *Little*, 139 *Ga.* 522 (2) (77 S. E. 646).

8. There being no proper certificate produced as to the payment of "all costs which may have accrued on the trial below" before the issuance of the writ on either the first or the second application, the court did not err in dismissing the second, or renewal, petition.

　　　　*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 10, 1923. MOTIONS FOR REHEARING DENIED FEBRUARY 8 AND MARCH 1, 1924.

Certiorari; from Fulton superior court—Judge Ellis. January 11, 1923.

*Bryan & Middlebrooks, N. T. Anderson Jr.,* for plaintiff in error. *McCallum & Sims, Weltner, Cheatham & Sims,* contra.