### 15866.  WHITLEY *v.* JACKSON.

STEPHENS, J. 1. The affidavit required under section 5184 of the Civil Code (1910) in a petition for certiorari is not, when made by the attorney for the petitioner, invalid because the attorney makes affidavit that he himself verily believes that he, the attorney, has good cause for certiorari. An affidavit so made complies with the provisions of section 5184 of the Civil Code (1910). See, in this connection, *Morrison* v. *Hilburn,* 126 *Ga.* 114 (1) (54 S. E. 938).

2. A certificate to a petition for certiorari made by the judge whose judgment is the subject matter of complaint that "the petitioner for the writ of certiorari has paid all accrued costs to this date in the sum of $9.25" is sufficient as a compliance with section 5185 of the Civil Code (1910), which provides that before any writ of certiorari shall issue, the party applying for such writ shall "produce a certificate from the officer whose decision or judgment is the subject-matter of complaint, that all costs which may have accrued on the trial below have been paid." *Williams* v. *Shuler,* 94 *Ga.* 660 (19 S. E. 981); *Western & Atlantic R. Co.* v. *Carder,* 120 *Ga.* 460 (47 S. E. 930). This case is distinguishable from the case of *Standard Gas Products Co.* v. *Vismor,* 31 *Ga. App.* 418 (121 S. E. 854), in that the affidavit in that case was limited to the costs accruing in the "petition for certiorari."

3. Where a judgment against a defendant has, on the defendant's motion, been set aside and the plaintiff has tendered a petition for certiorari in which he excepts to the setting aside of the judgment, a certificate attached thereto as to the payment of costs, which describes the case in which all accrued costs have been paid as being that of the plaintiff against the defendant, is not invalid in that it does not describe the case as being that of the defendant, as movant, versus the plaintiff, as respondent. The certificate being attached to the petition for certiorari, despite any inaccuracy in the description of the case, if any, necessarily has reference to the court costs accrued in the proceeding in which the judgment excepted to in the petition for certiorari was rendered, namely, the motion to set aside the judgment, in which the defendant was movant and the plaintiff was respondent.

4. A defendant in certiorari being entitled only to written notice of the sanction of the writ of certiorari and the time and place of hearing, as provided in section 5190 of the Civil Code (1910), and not to service of a copy of any of the proceedings, it is immaterial and is no ground for a dismissal of the certiorari that a copy of the proceedings, which was in fact served upon the defendant, showed as surety upon the

certiorari bond a name different from that appearing as surety upon such bond as it appeared of record.

5. A garnishment may issue in the municipal court of Atlanta upon an affidavit "made before any officer authorized by law to administer oaths, including commercial notaries public." Ga. L. 1913, pp. 145, 159. A notary public for the State at large being an "officer authorized by law to administer oaths," a garnishment in the municipal court of Atlanta may issue upon an affidavit made before such officer. This ruling is not in conflict with *Thompson* v. *Reynolds Auto Co.*, 31 *Ga. App.* 574 (121 S. E. 528). The garnishment in that case was not issued out of the municipal court of Atlanta but out of the city court of Eastman.

6. Affidavits and bonds for garnishment being amendable, any defects therein, such as an untrue allegation as to the time when the alleged judgment against the defendant recited in the affidavit was rendered and the execution of the bond by the attorney in the attorney's own name for the plaintiff by name, instead of in the name of the plaintiff by the attorney, are amendable and are cured by verdict and judgment. Such defects are therefore not grounds for a motion to set aside the judgment rendered in the garnishment proceedings against the defendant and his surety upon the dissolution bond. Civil Code (1910), §§ 5706, 5707; *Long* v. *Hood*, 46 *Ga.* 225; *Janes* v. *Tomlinson*, 30 *Ga.* 540; *Stovall* v. *Joiner*, 10 *Ga. App.* 204 (73 S. E. 22); *Peyton* v. *Peyton*, 31 *Ga. App.* 470 (120 S. E. 689); Civil Code (1910), § 5960.

7. A judgment rendered against a defendant in garnishment and a surety upon a dissolution bond within a period of ten days after the filing of the answer by the garnishee is not for this reason invalid. *Hirsch & Co.* v. *Lumbermen's Supply & Equipment Co.*, 130 *Ga.* 555 (61 S. E. 225).

8. Since a person may pursue more than one remedy simultaneously, it is no ground for the setting aside of a judgment that there is pending in another court a proceeding, such as a petition for certiorari, by the defendant assigning error upon such judgment.

9. Since a discharge in bankruptcy must be specially pleaded, one who is sued as principal upon a bond to dissolve a garnishment issued upon a judgment against him can not, after verdict and judgment have been rendered against him upon the bond, attack the latter judgment upon a motion to set it aside on the ground that the original judgment against him on which the garnishment was issued was dischargeable in bankruptcy.

10. This being a petition for certiorari excepting to the sustaining by the judge of the municipal court of Atlanta of a motion made by the defendant to set aside a judgment, the judge of the superior court did not err in overruling the motion to dismiss the certiorari, and did not err in sustaining the certiorari and thereby adjudicating that the judge of the municipal court was in error in sustaining the motion to set aside the judgment.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 2, 1925. REHEARING DENIED SEPTEMBER 16, 1925.

Certiorari; from Fulton superior court—Judge E. D. Thomas. July 25, 1924.

*Morris Macks,* for plaintiff in error.

*R. R. Jackson, T. L. Lanford,* contra.