20145. MOSLEY, for use, etc., *v.* CARSWELL.

DECIDED MARCH 5, 1930. REHEARING DENIED APRIL 15, 1930.

*D. Lee Churchwell,* for plaintiff.

*J. M. Hancock, T. J. Cochran,* for defendant.

BLOODWORTH, J. From the record in this case it appears that in the city court of Macon E. T. Mosley, deputy sheriff of Bibb county, for the use of named persons, filed a suit on a forthcoming bond; that upon a hearing of the case by C. H. Hall, judge of that court, without the intervention of a jury, the case was dismissed, and that thereafter counsel for the plaintiff presented a petition for certiorari, to which was attached a certificate, signed by Judge Hall, that "all the costs that have accrued in the above-stated case have been paid." When the petition was presented to Judge H. A. Mathews of the superior court he sanctioned the same and ordered that the writ of certiorari issue. Judge Hall was notified and was "required to certify and send up to the next superior court to be held in and for said county, on the first Monday in February next, all the facts and proceedings in said case in your court as aforesaid." In his untraversed answer to the writ of certiorari Judge Hall, referring to his certificate as to the payment of costs, said: "This certificate was made by me under the following state of facts: I was at my home when the petition for certiorari was presented to me for my approval of the bond, and for my certificate as to the payment of the costs. I stated to counsel for plaintiff in certiorari that I knew nothing about the costs in my court, and asked him if these costs had been paid. Counsel thereupon stated to me that the costs had not

been paid, but that he was going, or would go, immediately to the clerk of this court and give his personal check in payment of these costs. Upon this statement, so made to me by said counsel, I certified the costs as having been paid. The facts in the case are that the accrued costs due in this case in the City Court of Macon had not been paid on December 3d, 1927." The petition for certiorari was sanctioned on November 23, 1927.

The answer of the trial judge shows that the alleged certificate is not in truth a certificate. Webster defines a certificate as "a written testimony to the truth of any fact." A purported certificate which does not testify to the truth is really not a certificate. A certificate such as is the one made in this case should bind nobody, but should yield to the facts and be disregarded. In *Standard Gas Products Co.* v. *Vismor,* 31 *Ga. App.* 418 (121 S. E. 854), this court said: "No certificate should be held sufficient when it is so drawn that to uphold it would have the effect, by construction, of rendering the meaning of the law in respect thereto vague and uncertain." There is greater reason for disregarding it when it does not speak the truth. The court should have dismissed the petition for certiorari because of the failure of movant to pay the costs before the issuance of the writ of certiorari. However, as the judge of the superior court, upon a hearing of the case upon its merits, properly overruled the certiorari, the same result was reached as if it had been dismissed. *Newton* v. *Savannah,* 32 *Ga. App.* 72 (122 S. E. 638) ; *Flynn* v. *East Point,* 18 *Ga. App.* 729 (90 S. E. 372), and cit.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*