43129. LEE FOUNDATION, INC. v.
MORAN & COMPANY, INC.

ARGUED OCTOBER 4, 1967—DECIDED OCTOBER 16, 1967.

Mitchell, Clarke, Pate & Anderson, Taylor W. Jones, for appellant.

Smith, Cohen, Ringel, Kohler, Martin & Lowe, Scott Charlton, for appellee.

BELL, Presiding Judge. It has often been ruled that a court has plenary control of its judgments and orders during the term at which they are rendered and may amend, supersede, or vacate them for cause appearing or to promote justice. E. g., Berrien County Bank v. Alexander, 154 Ga. 775, 778 (115 SE 648). But the power so to deal with a judgment is not an unlimited or arbitrary power, but a discretionary one, which must not be abused; it is purely a legal discretion. Cahoon v. Wills, 179 Ga. 195, 196 (175 SE 563). A motion to vacate a judgment addressed to the court's discretion should not be granted unless the movant alleges and proves facts sufficient in law to invoke that discretion. Blanch v. King, 202 Ga. 779, 783 (44 SE2d 779).

In this case the motion to vacate merely averred as a conclusion without supporting facts, that plaintiff's failure to amend was due to the excusable neglect of counsel. In a hearing on the motion, one of plaintiff's attorneys testified that he had prepared for the court the order of May 15 granting plaintiff 30 days to amend; that during that period the pressure of his business was extremely heavy and that he was out of the State part of the last week in May and part of the first week in June; that he could and would have filed an amendment if he had been aware of the need to do so; and that he could offer "no real tangible reason" why he failed to act on behalf of his client.

This showing, which disclosed that plaintiff's failure to amend was due merely to oversight, inadvertence, or mistake of the attorney, was not sufficient to authorize a vacating of the judg-

ment. *Godby v. Hein,* 107 Ga. App. 481, 484 (130 SE2d 511). "Where one has sat idly by and overslept his rights and permitted a judgment to be taken against him, which he might have prevented by the exercise of the slightest diligence, the law is not disposed to grant him relief." *Florida Central R. Co. v. Luke,* 11 Ga. App. 290, 294 (75 SE 270); *Morris v. Morris,* 82 Ga. App. 384, 389 (61 SE2d 156). "Counsel and the parties to a case must keep themselves informed as to the progress of their case and no excuse will avail them if they permit a right to lapse or a judgment to go by default through their simple negligent failure to apprise themselves of the court's actions in connection with their cases. . ." *American Mut. &c. Ins. Co. v. Satterfield,* 88 Ga. App. 395, 398 (76 SE2d 730).

Plaintiff urges that the order vacating the judgment sustaining defendant's general demurrer on June 27, 1967, was correct because plaintiff had not been afforded a hearing on June 27. In this connection see *Southern R. Co. v. Town of Temple,* 209 Ga. 722 (75 SE2d 554). This contention is without merit, as the order of May 15, 1967, shows that plaintiff was afforded an opportunity to argue, and did argue, against defendant's general demurrer at that time.

The court erred in sustaining plaintiff's motion to vacate the judgment sustaining defendant's general demurrer.

*Judgment reversed. Pannell and Whitman, JJ., concur.*