### 43461. ABLE v. CONSOLIDATED LOAN & FINANCE COMPANY OF ATLANTA.

BELL, Presiding Judge. Consolidated Loan & Finance Company filed a verified petition against James Able, an attorney, for a money rule under *Code Ch.* 24-2, and DeKalb Superior Court, on March 29, 1967, issued a rule nisi which was served on respondent requiring him to show cause on May 3, 1967,

why he should not be required to pay over to petitioner the funds in question. Respondent failed to file a written answer or to demur to the petition. On May 3, the court continued the hearing on the rule to July 19, 1967. On the latter date, respondent having failed to appear, the court entered a rule absolute.

1. *Code* § 24-210 provides, "The officer called on by rule nisi . . . shall fully respond in writing to said rule." When called on to answer, respondent was bound to do so or to suffer the consequences of a default. *Darley v. Thomas*, 41 Ga. 524. There is no provision of law requiring the service of notice of a continuance of the hearing on a rule nisi once served on a party. "Counsel and the parties to a cause must keep themselves informed as to the progress of their case and no excuse will avail them if they permit a right to lapse or a judgment to go by default through their simple negligent failure to apprise themselves of the court's actions in connection with their cases." *American Mut. &c. Ins. Co. v. Satterfield*, 88 Ga. App. 395, 398 (76 SE2d 730); *Lee Foundation v. Moran & Co.*, 116 Ga. App. 509, 511 (157 SE2d 804). See *Puckett v. State Banking Co.*, 130 Ga. 586, 589 (61 SE 465). Respondent having failed to answer to the rule as required by *Code* § 24-210, the court did not err in entering a rule absolute against him. *Darley v. Thomas*, 41 Ga. 524, 526, supra; *Wilkins v. Jordan*, 50 Ga. App. 119, 121 (177 SE 344); *Aiken v. Richardson*, 85 Ga. App. 180, 185 (68 SE2d 228).

2. The motion to dismiss, being based on matters dehors the record and of which this court cannot take judicial notice, is denied.

*Judgment affirmed. Hall and Quillian, JJ., concur.*

ARGUED FEBRUARY 6, 1968—DECIDED JUNE 21, 1968.

James A. Able, Jr., for appellant.
Haas, Dunaway, Shelfer & Haas, Scott A. Ray, for appellee.