JOHN F. ALBERT, plaintiff in error, *vs.* HUMPHREY P. HOWELL, defendant in error.

1. Where the answer of an officer to a rule against him for failing to pay over money which he has collected is so vague, uncertain, and indefinite as that it can not be traversed, the answer will be adjudged insufficient.

Rule against a Justice of the Peace, in Fulton Superior Court. Decided by Judge BULL, at October Term, 1860.

John F. Albert, in his official character as Justice of the Peace of the 530th district, Georgia Militia, of Fulton county, collected and received for the plaintiff the sum of $70 00 principal and $3 61 interest up to 28th of April,

Albert *vs.* Howell.

1860, on a *fi. fa.* in favor of Humphrey P. Howell, against Joseph Reeves, and Claiborne Hawes security.

At October Term of Fulton Superior Court a rule *nisi* was granted and served upon the said Albert, requiring him to show cause why he should not pay said sums of money to the plaintiff or his attorney, or be attached as for a contempt.

In answer to the rule, Albert admitted that he had collected the money, but that in a few days thereafter he proposed to borrow the money from the plaintiff, Howell, and that Howell did verbally loan the same to respondent, at the rate of ten per cent. per annum, which respondent agreed to give for the use of the money, and therefore insists that he is not liable to be ruled therefor.

The presiding Judge decided that this answer was insufficient, and granted a rule absolute requiring the said Albert at once to pay the money to plaintiff's attorney.

This decision is the error alleged in the bill of exceptions.

Sims & Hoyt, for plaintiff in error.

J. M. & W. L. Calhoun, *contra.*

*By the Court.*—Lumpkin, J., delivering the opinion.

Conceding that the alleged contract between the creditor and magistrate was valid and could be enforced, and would constitute, therefore, a good bar to the further prosecution of the creditor's rights, it was too vague and uncertain. For what length of time did it operate ? Has the time elapsed ? Was it to extinguish the judgment; or was it only at the rate of ten per cent. on the amount collected, so long as Howell might suffer it to remain in the hands of the Justice of the Peace?

We are satisfied that the return is too indefinite to be traversed.

Let the judgment be affirmed.