Willis *vs.* Powell.

---

JOHN F. WILLIS, plaintiff in error, *vs.* R. H. POWELL, defendant in error.

Where the answer of the sheriff to a rule is evasive; the discretion of the court below in making the same absolute will not be interfered with.

Sheriff. Rule against officer. Before Judge KIDDOO. Early Superior Court. April Term, 1873.

The facts of this case are omitted for the reason that they would not tend to illustrate any principle enunciated in the decision. The answer of the sheriff was voluminous, and of such a character that it might well have been held evasive by the court below without doing any violence to its discretion.

FLEMMING & RUTHERFORD, by JACKSON & CLARKE, for plaintiff in error.

R. H. POWELL; A. HOOD, for defendant.

WARNER, Chief Justice.

This was a rule against the sheriff, calling upon him to show cause why he should not be attached for contempt for failure to make the money due on a mortgage *fi. fa.* placed in his hands. The sheriff filed his answer to the rule, and the court, after considering the same, made the rule absolute, and ordered an attachment for contempt of court to be issued against the sheriff; whereupon, he excepted. When a sheriff is ruled for contempt of the process of the court, and files his answer, and the same is not denied, the rule shall be discharged, or made absolute according as the court may deem the answer sufficient or not: Code, 3954. The court may have deemed the answer of the sheriff evasive and insufficient, and for that reason made the rule absolute. We find nothing in this record that will authorize this court to control the discretion of the court below in making the rule absolute and ordering an attachment to issue against the sheriff.

Let the judgment of the court below be affirmed.