WILLIAM RAGLAND *et ux.*, plaintiffs in error, *vs.* MOORE, TRIMBLE & COMPANY, defendants in error.

When a town lot was set apart as a homestead, under the act of 1868, and it was levied upon and sold under a judgment founded on a debt contracted prior to 1868, and the debtor gave notice to the sheriff that he claimed $500 00 of the proceeds to be invested in a homestead for himself and family, under the provisions of the Code, and it appeared, on a rule to distribute the money, that there were unsatisfied judgments in the hands of the sheriff to the amount of $2,500 00, and only $750 00 money in court:

*Held*, that it was not necessary that the notice to the sheriff should be given before the sale, and that there was sufficient evidence, *prima facie*, of the insolvency of the debtor to require that the $500 00 claimed should, under the direction of the court, be invested in a homestead or the debtor and his family, as provided by section 2044 of the Code.

Homestead.   Before Judge JAMES JOHNSON.   Talbot Superior Court.   September Term, 1873.

Moore, Trimble & Company ruled the sheriff of Talbot county, requiring him to show cause why he did not pay over to executions in their favor a fund realized from the sale of the property of William Ragland.   Amongst other reasons why he has not paid over $750 00, the balance in his hands after deducting costs etc., the sheriff sets up that he has been served with a notice that the defendant, William Ragland, and his wife, claim $500 00 of said sum to be invested in a home for their benefit; that the property sold was in a town, and exceeded in value $500 00, and could not be so divided as to give to them that amount.   The answer also set forth other unsatisfied judgments against William Ragland, amounting to about $2,500 00.

Upon the filing of the answer of the sheriff, William Ragland and his wife petitioned that $500 00 of the amount in the hands of the sheriff be invested by order of the court in a home for their family.

The court refused the application because it did not appear that notice thereof had been given before the sale by the sheriff of the property, and because it did not appear but that there was sufficient other property belonging to Ragland, out of which the exemption could be made.   To this decision the petitioners excepted.

WILLIS & WILLIS; M. H. BLANDFORD; MARION BETHUNE, for plaintiffs in error.

E. H. WORRILL; J. M. MATTHEWS, for defendants.

McCAY, Judge.

Section 2044 of the Code, under which this application is made, does not require the notice to the officer to be before the sale.   What is the object of the notice?   Obviously to prevent the sheriff from paying out the money.   The sale

takes place independently of the notice, and will take place just the same whether the notice be given or not.    The reason of the thing, therefore, would seem only to require the notice before the money is disposed of.    The sheriff may pay it out to the plaintiff, or to other *fi.. fas.* in hand, entitled to it.    If he gets the notice he does this at his peril.    That, as it seems to us, is the object of the notice.    And if so, it is immaterial when the notice is given, if it be in fact given before the money is paid out.    We incline to the opinion that this provision, giving the debtor the right to have $500 00 set apart and invested, contemplates that he is insolvent, and that when such an application is made it ought to appear that such is the fact.    But did not this appear, *prima facie?*    Here were judgments four or five years old, to the amount of nearly $2,500 00, unsatisfied, and they in controversy over the sum of $750 00, the proceeds of the sale of a town lot that had been set apart as a homestead under the act of 1868.    *Prima facie,* we think this made a case of insolvency.    At least it cast the burden of showing that there was other property upon the parties resisting the application.    It is plain to us that if there were such other property we would hear of rules against the sheriff for not making the money on the *fi. fas.* in his hands, and the simple fact that these judgments exist unsatisfied furnishes a fair inference that no such property exists.

Judgment reversed.