4. Appearance of the wife by the husband as her agent has the same legal effect as appearance by herself. 61 *Ga.*, 171.

5. Receipt by one party of that which is awarded to such party, will estop that party from refusing to comply with the award in favor of the other party, on the plea of illegality or irregularity in the award. Therefore the receipt of the crop by Ellen Pike will estop her from setting up illegalities and irregularities as reasons for not paying therefor the amount of money awarded to Luther Stallings. Code, §2194; 51 *Ga.*, 348; 58 *Ib.*, 479.

Judgment affirmed.

December 4, 1883. (Head-notes by the court.)

JACKSON, Chief Justice.

[Luther Stallings and Mrs. Ellen Pike, having become involved in a controversy, agreed to submit the same to arbitrators, as set out in the first head-note. The arbitrators made the award set out in the second head-note, and it was returned into the court. Mrs. Pike filed numerous exceptions, among the grounds of which were want of notice, and that she was not present. It appeared, however, that her husband, who lived on the place with her, and who was her agent in connection with the planting, was present, and represented her. It also appeared that she had received the crops under the award. Another ground was that the award did not cover all of the issues submitted, and no award was made as to the land itself.

The case was submitted to the court without a jury. He decided in favor of the award, and Mrs. Pike excepted.]

## Mize, sheriff, *vs.* Blalock.

1. Where one who has been appointed solicitor *pro tem.* of the county court, performs the work, and obtains an order of court allowing him fees, he may rule the sheriff for money collected in fines and forfeitures in the county court.

2. Where a rule absolute was obtained at one term of court against the sheriff, and at the next term an attachment *nisi* was issued against him, he could not, in answer thereto, put in the same grounds which were decided against him before the rule was made

absolute. No exception having been taken or *certiorari* sought to the judgment on those issues, the case as to them was *res adjudicata.* Judgment affirmed.

September 25, 1883.

[L. J. Blalock, who had acted as solicitor *pro tem.* of the county court of Sumter county, and had orders on funds arising from fines, etc., allowed for his costs, ruled the sheriff to require the latter to pay over a fund in his hands arising from such sources. The sheriff demurred to the rule; but the demurrer was overruled. He answered that he had orders sufficient to absorb the fund, and though junior to those of Blalock, he claimed the right to hold the money; that there was enough in the county treasury to pay off all claims. The rule was made absolute. At the next term of court, an attachment *nisi* was issued against the sheriff. He demurred, and answered substantially as he had done to the rule. The court ordered the money to be paid over in ten days, or that the sheriff be attached. He sued out a writ of *certiorari*; the judge of the superior court sustained the ruling of the court below, and the sheriff excepted.]

## WILSON *vs.* BURKS.

1. It can make no difference for what reason the writ of *certiorari* was dismissed in this case; the court did right in dismissing the same, and affirming the judgment of the justice.
2. A plaintiff brought suit in a justice's court. He testified that he purchased of the defendant the furniture and fixtures of a barber shop for $110; that he paid $30 thereof; that subsequently the defendant came and took from him the said property, and this suit was brought for the amount which had been paid. The defendant testified that he sold to plaintiff the property mentioned for the sum stated; that he was to retain the title until payment was made; that plaintiff had the property over a year, and the rent or hire was worth $69.00 when he re-took possession; this amount defendant set off against plaintiff's claim:

*Held,* that under plaintiff's own testimony, when he suffered the property to be re-taken by the defendant, and affirmed this taking