23867. WILKINS *v.* JORDAN.

DECIDED NOVEMBER 12, 1934.

*Edwin J. Feiler, G. C. Williams, E. Milton Wilkins,* for plaintiff in error.

*Aaron Kravitch, James N. Rahal,* contra.

JENKINS, P. J.  A prisoner filed a verified petition in the superior court against an attorney at law, to require an accounting for $725.50, the proceeds of a government bonus check which the petitioner alleged he had endorsed and delivered to the defendant upon an agreement that the defendant would, for a $200 fee, obtain a pardon for the petitioner immediately or within a year. The petition states that it is brought under the Civil Code (1910), §§ 4954, 5341, and 5342.  It prays for a rule nisi and rule absolute requiring that the defendant account for the monies, pay the same to the petitioner, or in default thereof be attached for contempt and removed from the rolls of the court as a practicing attorney.  A rule nisi was issued, requiring that the defendant "produce to the court evidence of the monies in his possession belonging to petitioner, and that he account for the same."  The defendant filed an unverified answer, which did not respond to the rule nisi, made no accounting or explanation of any of the facts or circumstances stated in the petition, set up no affirmative facts, and only generally denied the receipt of the money and other averments, with-

out admitting or denying other essential allegations. The answer did not demand a jury trial. At the trial, the defendant did not appear personally, but appeared only by attorney. The testimony proved, without dispute, all the material averments in the petition as to the defendant's receipt of the money from the illiterate petitioner, as to the defendant's retention of all except $20, as to his failure to make any effort to obtain a pardon, and showed no reason for retaining the money. The court entered a rule absolute, reciting that the petitioner was entitled to $495.50, that the defendant had failed to account for the same although ordered to do so, and ordering that the defendant pay this sum within ten days or that his name be stricken from the roll of attorneys. The defendant excepts to this judgment as contrary to law; excepts to the denial of his attorney's motion to postpone the hearing, as to which the judge certified that "his attorney admitted in open court that he had notice" of the time of trial of the case "as regularly set," and there was no proper motion or showing for a continuance; and excepts to the denial of his attorney's oral motion at the trial that "the rule be dismissed because the answer was untraversed," and his oral motion stating that "the court was without jurisdiction to proceed" because the defendant "was entitled to a jury trial."

1. Under the judge's certificate that the defendant was absent from the hearing after proper notice, and in the absence of any proper motion or showing for a continuance for any good cause, the court did not err in proceeding with the case at the time when it was regularly set.

2. "If any attorney shall retain in his hands any money received by him for any client, after being ordered by the court to pay over the same, he shall be stricken from the list of attorneys." Civil Code (1910), § 4966. "An attorney must be removed for the following causes by the superior court of the county of his residence: . . When any judgment or rule absolute has been rendered against him for money collected by him as an attorney, which he fails to pay within ten days after the time appointed in the order." § 4967. Under § 4954, such an attorney is "liable to rule [and otherwise] as sheriffs are;" the procedure as to sheriffs and other officers of the court being fixed by §§ 5341 to 5353, inclusive. Under these provisions, after the issuance of a rule nisi, showing fully what the defendant is required to answer (§ 5346),

he "shall fully respond in writing to the rule, which answer shall be under oath taken at the time the answer is filed; and if the answer is not denied, the rule shall be discharged, or made absolute, according as the court may deem the answer sufficient or not;" but it is only where the movant traverses the truth of the answer that the statute requires an issue to be made for trial by a jury. § 5347. In the instant case there was no traverse. The defendant failed to answer under oath as required by the statute, and failed to respond as required by the rule nisi by producing evidence of the monies received by him and accounting therefor. He gave no explanation of the facts in the petition, and set up no affirmative fact, merely denying generally some of the allegations and neither admitting nor denying others. The answer being thus evasive in a proceeding requiring disclosure of the facts, and being no response to the rule nisi, "the discretion of the court below in making the [rule] absolute will not be interfered with." *Willis* v. *Powell*, 51 *Ga.* 475. The judge was authorized, under § 5347, supra, to enter the rule absolute without a jury and without hearing evidence himself, since it is only a verified answer, and one that "shall fully respond . . to said rule [nisi]" without being vague, uncertain, indefinite, or evasive, which the statute requires to be traversed, in order to create an issue for jury trial, or which the judge, in the absence of a traverse, must accept as sufficient and true so as to discharge the rule. See *Woodward* v. *McDonald*, 116 *Ga.* 748-750 (42 S. E. 1030) ; *Foster* v. *Reid*, 58 *Ga.* 221, 222; *Albert* v. *Howell*, 32 *Ga.* 548; *Lane* v. *Brinson*, 12 *Ga. App.* 760, 762 (4) (78 S. E. 725). In *Read Phosphate Co.* v. *Weichselbaum Co.*, 1 *Ga. App.* 420 (2) (58 S. E. 122), it was held that the hearing of testimony was erroneous in the absence of a traverse of a sheriff's answer, where the answer set forth specific facts constituting "meritorious matter of defense," which tended to prevent the issue of a rule absolute. Here the answer stated no such facts. Nor was there any exception to the hearing of evidence by the judge or to its introduction before him. While it is not improper procedure to file a motion to strike an answer demanding a jury trial when it "shows no issuable fact" (*Reynolds* v. *Howard*, 113 *Ga.* 349 (3) 38 S. E. 849), the statute does not require such a formal attack where the insufficiency of the answer itself authorizes a rule absolute. The hearing of evidence by the judge, in the absence of any proper ex-

ception thereto, affording no ground of reversal, and the undisputed evidence fully supporting the petition, the petitioner was entitled to a rule absolute. The court properly, under §§ 4966 and 4967 of the Civil Code, ordered the defendant within ten days to pay over the monies received by him, less $20 previously paid over and a liberal $210-fee allowance for unperformed services, or else be stricken from the list of attorneys. The procedure following that in the case of sheriffs, and being proper under statutes above quoted and cited, it is unnecessary to determine whether such procedure would be proper under different statutes relating generally to the removal of attorneys. See Civil Code, §§ 4969-4983. Nor is any question involved as to the defendant's right to a jury trial under § 4643, since he was not "imprisoned for contempt for failing or refusing to pay over money" as ordered, or threatened with such imprisonment, but the only penalty imposed for his failure was that of being "stricken from the list of attorneys," as provided in § 4966.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*