33567, 33568.   AIKEN *v.* RICHARDSON; and *vice versa.*

DECIDED DECEMBER 4, 1951. REHEARING DENIED DECEMBER 17, 1951.

*G. Seals Aiken, Jay D. Bradley, Ben F. Sweet, I. C. Adams,* for plaintiff in error.

*Jones, Williams, Dorsey & Kane,* contra.

MACINTYRE, P. J. (After stating the foregoing facts.) Proceedings on money rules are controlled by chapter 24-2 of the Code of Georgia, providing that a judge of the superior court, upon application, may grant a rule nisi containing a full statement of the case in which the officer is called upon to show cause;

that in answer to this rule the officer ruled shall fully respond in writing and under oath; that thereafter the movant of the rule may traverse the truth of such answer and, when such traverse is filed, an issue is joined which shall be tried before a jury. Rules against officers of the court for breaches of duty are sui generis, and are governed more largely by the discretion of the court in each particular case than by the technical rules of ordinary procedure. *Hixon* v. *Callaway,* 2 *Ga. App.* 678 (58 S. E. 1120). While there is no express statutory provision for motions in the nature of general demurrers to strike and dismiss the respondent's answer, nevertheless, such motion may be made. *Wilkins* v. *Jordan,* 50 *Ga. App.* 119 (177 S. E. 344); *Reynolds* v. *Howard,* 113 *Ga.* 349 (3) (38 S. E. 849); *Read Phosphate Co.* v. *Weichselbaum Co.,* 1 *Ga. App.* 420 (1) (58 S. E. 122).

The trial court sustained several grounds of the motion to dismiss, one of them being that the answer was vague, indefinite, uncertain, evasive and self-contradictory. Exceptions pendente lite were taken to this portion of the order; however, nowhere in the bill of exceptions is error assigned either on the exceptions pendente lite or on the order of the court sustaining these grounds of the motion. Code § 24-210 provides in part as follows: "The officer called on by rule nisi, as provided in the preceding section, shall *fully respond* in writing to said rule, which answer shall be under oath taken at the time the answer is filed; and if the answer is not denied, the rule shall be discharged, *or made absolute, according as the court may deem the answer sufficient or not.*" Italics ours.

The discretion of the trial court to hold that an answer is evasive and insufficient for this reason is recognized in *Willis* v. *Powell,* 51 *Ga.* 476 wherein it is held as follows: "The court may have deemed the answer of the sheriff evasive and insufficient and for that reason made the rule absolute. We find nothing in this record that will authorize this court to control the discretion of the court below in making the rule absolute and ordering an attachment to issue against the sheriff." See also *Wilkins* v. *Jordan,* supra. It may be seen that not only does the very language of the Code section itself authorize the court to examine the answer and determine if the respondent has fully responded,

but this authority has been recognized by our appellate courts. It follows therefore that the trial court can find answers to be vague, indefinite and evasive, which answers at the same time contain issuable facts and which answers at the same time, should the trial court exercise his discretion by not striking the same for vagueness or evasiveness, could show reasons why the rule absolute should not be issued. Here the trial court found the answer to contain issues of fact. He also found that the answer contained reasons why the rule should not be made absolute, yet he found the answer subject to be stricken for evasiveness if not amended in this respect. The answer was not amended in this respect and the order finding it subject thereto is not excepted to in the bill of exceptions. Accordingly, the question of whether the trial court abused his discretion in striking the answer for evasiveness is not before this court. It became the law of the case that it was evasive, even though as a matter of fact it may not have been.

Assignments of error must be made in the bill of exceptions in order to present any question for decision. Code § 6-901; *Parker* v. *Harling*, 187 *Ga.* 419 (1) (200 S. E. 800); *Jett* v. *Wolfe*, 75 *Ga. App.* 155 (3) (42 S. E. 2d, 505). It accordingly became the law of the case that the answer as amended (the motion having been renewed after an amendment thereto by the respondent) was subject to the defects therein stated, and whether or not it may have been so subject in point of fact is a question not presented to this court for decision. The trial court is vested with large discretion in such cases (*Read Phosphate Co.* v. *Weichselbaum Co.*, supra) and where, the answer being thus evasive, and the proceeding requiring, under Code § 24-210 that he "fully respond," upon his failure to do so the discretion of the trial court in making the rule absolute will not be interfered with. *Wilkins* v. *Jordan*, 50 *Ga. App.* 119, 121, supra; *Albert* v. *Howell*, 32 *Ga.* 548; *Willis* v. *Powell*, 51 *Ga.* 475, supra.

The trial court did not err in his orders of November 17 in striking the respondent's answer and thereafter entering a rule absolute against him.

■ It is further contended that the orders of November 17 are void because the judge sitting at the hearing did not have jurisdiction of the case. The bill of exceptions and exceptions

pendente lite disclose that the hearing was before Hon. A. A. Andrews, who is a judge of the Superior Court of Fulton County, and we are cited to no rule of court under which it would be unlawful for him, rather than another superior court judge of the Atlanta Circuit, to preside over the case. This exception is without merit.

■ It is contended that the trial court committed reversible error when, on November 8, 1950, he refused to grant a motion for a continuance on behalf of the respondent for a 30-day period, on the ground that leading counsel and associate counsel were engaged in the trial of other cases. The court did grant a continuance for nine days, and no further motion was urged at that time for a further continuance. It does not therefore appear that the respondent was harmed, since he was granted a continuance and failed to show, at the expiration of the period of time granted, that he could not safely go to trial. This objection is without merit.

■ Exceptions pendente lite were preserved to the overruling of the respondent's special demurrers to the original motion of the movant, to the first amendment thereto, to the second amendment thereto, and to the third amendment thereto and the motion as amended. As to the first and second amendments, these were subsequently stricken by the movant and have no proper place in the record; accordingly, questions regarding their sufficiency are moot. See *Aiken v. Richardson*, 80 *Ga. App.* 591 (56 S. E. 2d, 782). This case also held that the motion as finally amended was not subject to general demurrer. Accordingly, any error in regard to special demurrers thereto is harmless to the defendant under the circumstances of this case, since, after the order striking his answer, *as finally amended*, he presented no defense whatever and a judgment making the rule absolute was demanded. These exceptions are without merit.

■ Error is also assigned on the judgment of the court admitting an affidavit that a letter making demand for the sum involved had been delivered to the respondent, together with a copy of the letter referred to. Code § 24-207 provides as follows: "A copy of said demand produced in court, verified by affidavit, stating when and where the original was served upon the officer shall be prima facie evidence of the date and service thereof."

Accordingly, it was not error to receive the affidavit stating the contents of the demand and when and where the original was delivered to the officer.

■ Error is also assigned on various rulings of the court in permitting the traverse to the response, which originally contained a defective verification, to be amended, and in failing to strike the traverse. Where the respondent's answer is so defective as to authorize the court to make the rule absolute, whether or not a traverse is made is immaterial, "since it is only a verified answer, and one that 'shall fully respond . . to said rule [nisi]' without being vague, uncertain, indefinite, or evasive, which the statute requires to be traversed." *Wilkins* v. *Jordan*, supra, at page 121. The questions regarding the sufficiency of the traverse are therefore nugatory.

*Judgment affirmed on the main bill of exceptions. Cross-bill dismissed. Gardner, J., concurs in the judgment. Townsend, J., concurs specially.*

TOWNSEND, J., concurring specially. Although the professional integrity of the respondent is not in issue in this case, nevertheless attacks have been levied against him both in the pleadings of the movant and in briefs of movant's counsel.

The respondent lost his case because he failed to except to the order of the trial judge of October 23 in which his answer was held to be evasive. It is the personal opinion of the writer that had this question been a subject of review it would have been the duty of this court to find that the trial court abused his discretion in holding the answer so evasive as to require its dismissal. Since that question was not presented, it became the law of the case that it *is* so evasive. However, had the respondent been permitted to have the issue decided by a jury and had the jury found in accordance with the contentions of the respondent, there could certainly be no reflection upon the professional integrity of the movant. On the other hand, had the jury found against his contentions, it would not necessarily follow that the contentions were made in bad faith. Therefore, in justice to the respondent, the writer desires to make it clear that although he concurs in this opinion as written, he does not consider as warranted the attack made on the character of the respondent.