AIKEN *v.* RICHARDSON.

ALMAND, Justice. William Richardson, hereinafter referred to as the movant, on May 27, 1949, filed in Fulton Superior Court a money rule

against G. Seals Aiken, an attorney at law, hereinafter referred to as the respondent. The respondent filed demurrers and a response. An order overruling general demurrers to the rule was affirmed by the Court of Appeals. 80 *Ga. App.* 591 (56 S. E. 2d, 782). The respondent's application for the writ of certiorari to this court was denied. 80 *Ga. App.* 889. Upon a hearing on certain demurrers and motions, the trial court struck the respondent's answer and entered a rule absolute, ordering the respondent to pay the movant a specified sum of money, whereupon the respondent filed a bill of exceptions to this court, assigning error upon certain interlocutory rulings and on the final judgment, contending that various orders and the final judgment were illegal and void upon many grounds. This court, for want of jurisdiction, transferred the case to the Court of Appeals. 207 *Ga.* 735 (64 S. E. 2d, 54). The Court of Appeals then affirmed the judgment of the trial court. 85 *Ga. App.* 180 (68 S. E. 2d, 228). The respondent's petitions for the writ of certiorari to this court, and for an appeal to the United States Supreme Court, were denied. 85 *Ga. App.* 912; 344 U.S. 811 (73 Sup. Ct. 15).

Before the remittitur of the Court of Appeals was made the judgment of the trial court, the respondent filed a motion to set aside the judgment, contending that the judgment was erroneous, illegal, and void for many reasons, one of them being that Code § 24-206 was void because violating sections 57-101 and 57-112, and "deprives [respondent] of due process and equal protection of the law guaranteed to him by section 1 of the Fourteenth Amendment." On the hearing of this motion, the trial court permitted the respondent to introduce evidence by way of affidavits, depositions, and documents, all of which related to facts and matters occurring before the rule was made absolute. The court overruled the motion to set aside the rule absolute, and the exception here is to that order. The assignments of error made in the bill of exceptions, except the contention that Code § 24-206 is invalid, are the same as were urged and passed upon by the Court of Appeals in 85 *Ga. App.* 180, supra. *Held:*

1. A final judgment between the parties is conclusive as to all issues and matters that actually were, or could have been, dealt with and put in issue. Code, § 110-501. A judgment will not be set aside to let in defenses which were or could have been interposed before the judgment was rendered. *Hurt Building* v. *Atlanta Trust Co.*, 181 *Ga.* 274 (1), 283 (182 S. E. 187); *Evans* v. *Dennis*, 203 *Ga.* 232 (46 S. E. 2d, 122). So, where a rule absolute was obtained at one term of court against a sheriff, he could not answer at the next term an attachment nisi and put in issue the same grounds that were decided against him before the rule was made absolute. *Mize* v. *Blalock*, 71 *Ga.* 861 (2).

2. Where a judgment is rendered against a party and he attacks the same by a direct bill of exceptions to the Court of Appeals on the grounds that it is erroneous, illegal, and void, and such judgment is affirmed, it becomes final, and such party cannot have it set aside upon grounds that were or could have been urged on the appeal. The judgment is res adjudicata as to such matters. *Leathers* v. *Leathers*, 138 *Ga.* 740 (76 S. E. 44); *Hubbard* v. *Whatley*, 200 *Ga.* 751 (2) (38 S. E. 2d, 738).

"After a remedial proceeding for contempt has been reviewed and affirmed by the Supreme Court, as to the imprisonment ordered, and as to the terms prescribed in the order for avoiding imprisonment, the terms will not, before the imprisonment has commenced, be changed because the party is unable to comply, unless he has become unable since the order was passed. Defenses or excuses which were, or might have been presented before, are res adjudicata." *Thweatt* v. *Kiddoo,* 58 *Ga.* 300 (1). See *Gray* v. *Conyers,* 70 *Ga.* 349; *Mize* v. *Blalock,* 71 *Ga.* 861 (supra); *Ryan* v. *Kingsbery,* 89 *Ga.* 228 (15 S. E. 302).

3. Where, as in the instant case, the respondent seeks to set aside a rule absolute on grounds which were urged or could have been urged on the trial and in the appeal therefrom, the judgment of the trial court refusing to set aside the rule absolute will not be disturbed.

4. Though this court has jurisdiction of the writ of error because of the attack on the constitutionality of Code § 24-206, it does not follow that this question must necessarily be decided, it being well settled that such question will not be passed upon if there is any other ground in the case upon which this court can properly rest the decision. *Burns* v. *State,* 191 *Ga.* 60, 62 (11 S. E. 2d, 350). The respondent could have made an attack on the validity of this section in the trial court and on the appeal therefrom, and, failing to do so, he cannot now be heard to complain.

5. There was no error in overruling the motion to set aside the rule absolute.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18185. Argued April 14, 1953—Decided May 12, 1953—Rehearing denied June 11, July 15, 1953.

*G. Seals Aiken, F. L. Breen* and *Ben F. Sweet,* for plaintiff in error.

*Hugh M. Dorsey Jr., Jones, Williams, Dorsey & Kane* and *Pope B. McEntire,* contra.